UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAY KIM, ) | Case No.: 2:10-cv-00593-GMN-RJJ |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| WELLS FARGO HOME MORTGAGE ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Jay Kim has sued Defendant Wells Fargo Bank, N.A. and Does 1 through 100 on multiple causes of action related to the foreclosure of his mortgage. Pending before the Court is Defendant Wells Fargo's Motion to Dismiss (ECF No. 10). A response was due on June 13, 2010, but Plaintiff has not responded. This constitutes consent to granting the motion. *See* D. Nev. R. 7-2(d). For the reasons given herein, the Court Grants Defendant's motion.

I.   **FACTS AND PROCEDURAL HISTORY**

On or about May 18, 2005, Plaintiff purchased real property located at 468 Green Macaw Way, Henderson, NV 89012, APN: 178-24-117-045 (the "Property"), making a promissory note (the "Note") for $189,312 to First Guaranty. (*See* ECF No. 10, Ex. 2, at 1–3).[1] The deed of trust securing the Note lists Plaintiff as borrower, Wells Fargo Bank, N.A. as lender, and United Title of Nevada as trustee. (*See id.*, Ex. 2, at 1–2). The Fixed/Adjustable Rate Rider indicates that the interest rate on the note was fixed at 5.625% until June 1, 2015. (*See id.*, Ex. 2, at 16). On that date, and on every June 1st

---

[1] The Court takes judicial notice of the public records adduced by Defendant. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

thereafter, the rate could adjust, but it could never exceed 10.625%. (*See id.*, Ex. 2, at 17). The note was to mature on June 1, 2035, making this a thirty-year mortgage. (*See id.*, Ex. 2, at 2). On September 22, 2009, Wells Fargo Bank, N.A. caused national Default Servicing Corp. ("NDSC") to record a notice of default and election to sell ("NOD") based on an arrearage of $5365.73. (*See id.*, Ex. 3). This constitutes roughly five months worth of payments.[2] On February 10, 2010, Wells Fargo Bank, N.A. replaced United Title of Nevada as trustee with NDSC. (*See id.*, Ex. 4). On that date, NDSC recorded a notice of trustee's sale ("NOS"), setting the sale for March 2, 2010 at 10 a.m. (*See id.*, Ex. 5). On April 1, 2010, NDSC, as agent for Wells Fargo Bank, N.A., transferred the beneficial interest in the mortgage to Federal Home Loan Mortgage Corp. ("FLHMC") (*See id.*, Ex. 6). The trustee's deed upon sale indicates, however, that the auction did not actually occur until April 2, 2010, where FLHMC purchased the Property for $85,000. (*See id.*, Ex. 8).

The foreclosure and sale here was statutorily proper. Wells Fargo was the beneficiary when it caused NDSC to record the NOD, which Plaintiff admits receiving. (*See* Compl. ¶ 10(g)). Wells Fargo then substituted NDSC as trustee before NDSC recorded the NOS and made the sale.

Plaintiff sued Defendant in the Eighth Judicial District Court on February 26, 2010 on eight causes of action: (1) Fraud, "Failure of Consideration," and Usury; (2) Breach of Contract; (3) Fraud; (4) Cancellation; (5) Quiet Title; (6) Constructive Trust; (7) RICO; and (8) Trespass. Plaintiff seeks damages and to have the foreclosure set aside. Defendant removed and has now moved to dismiss.

/ / /

---

[2] A principal amount of $189,312 at 5.625% interest on a thirty-year loan translates into a monthly payment of approximately $1090, plus taxes and insurance.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of

"matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. ANALYSIS

The Complaint and the allegations therein lack legal merit. First, as Defendant notes, Plaintiff claims to be a "United States Vessel"--a boat. The "background facts" section of the Complaint alleges that the United States has been bankrupt since at least 1933, and that as a result of the Federal Reserve System instituted in or about that year, it is legally impossible to "pay" a debt, but only to "discharge" it. Plaintiff alleges that he was defrauded, because although he believed he was borrowing "money," he in fact was only borrowing "credit from the Federal Reserve," which is not "money." These arguments should be rejected. There is no legal distinction between borrowing $189,312 dollars in paper money or borrowing that amount in electronic funds. Plaintiff then argues that he repaid the lender, because he presented it a "private registered bonded promissory note . . . to discharge alleged debt on the subject property . . . ." There is no claim, however, that the lender accepted this form of payment. It is inconceivable that it would have, because no sensible lender would accept such terms and there is no

indication that the lender did so here.  The remainder of Plaintiff's introductory arguments are generalized grievances about the monetary system.

### A.    Fraudulent Misrepresentation, "Failure of Consideration," and Usury

This cause of action overlaps the breach of contract claim.  Plaintiff alleges there is no valid contract between him and Defendant, even though his signature appears on page fourteen of the deed of trust, as do his initials on every other page thereof.  He also claims no Defendant is a beneficiary, even though Defendant Wells Fargo Home Mortgage, which has merged with Wells Fargo Bank, N.A., is listed as the lender on the deed of trust, making it the beneficiary.  The deed of trust also notes that the lender is the beneficiary, but this is superfluous.  The person owning the debt secured by the security instrument is by definition the beneficiary.  Plaintiff then cites passages from cases from the Northern District of Ohio that are neither authoritative nor helpful.  The cases indicate that a plaintiff suing under a note and mortgage does not have standing unless it is the original lender or the assignee of the beneficial interest.  Here, Defendant is the original lender, and there is no indication it has lost its beneficial interest in the mortgage.  In summary, Plaintiff does not attempt to allege the elements of a fraud claim, much less with the particularity required by Rule 9(b).

Plaintiff also alleges usury.  The Nevada usury statute has been amended several times.  In 1913, the Legislature set the legal rate of interest at 12% per annum. 1913 Nev. Stat. 31.  In 1979, the legal rate was raised to 18%. 1979 Nev. Stat. 964.  However, Nevada abolished the concept of usury in 1981, permitting contracting parties to agree to any rate of interest. *See* 1981 Nev. Stat. 1593.  The statute has been amended several times since, but no limit on the agreed percentage of annual interest has been imposed since 1981. In 2005, when the Note in the present case was signed, the statute read:

/ / /

> Parties may agree for the payment of any rate of interest on money due or to become due on any contract, for the compounding of interest if they choose, and for any other charges or fees. The parties shall specify in writing the rate upon which they agree, that interest is to be compounded if so agreed, and any other charges or fees to which they have agreed.

Nev. Rev. Stat. § 99.050 (2006). In 2007, the usury statute was amended to add the following introductory clause, "Except as otherwise provided in section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007, Public Law 109-364, or any regulation adopted pursuant thereto." 2007 Nev. Stat. 944. Section 670 of Public Law 109-364 limits interest rates on consumer credit extended to members of the armed forces and their families to 36% per annum. *See* Pub. L. 109-364, § 670, 10 U.S.C. § 987(b). In summary, there is no longer any usury law in Nevada; therefore, this cause of action is therefore legally deficient. Further, the annual interest rate in this case was capped at 10.625%, which has never constituted usury in Nevada. The Court dismisses this cause of action.

### B. Breach of Contract

Plaintiff alleges that Defendant breached the contract by not lending actual "dollars." As discussed above, the Court rejects this argument. Next, Plaintiff argues that the loan was an ultra vires act under Defendant's corporate charter, and therefore invalid, because, again, the lender did not lend actual "dollars." Next, Plaintiff argues that the contract is void for indefiniteness, because a court cannot determine what type of funds were to be repaid, "dollars" or some other form of money. The contract is not indefinite. Many forms of payment may constitute dollars: physical cash, electronic cash, etc. Plaintiff argues as if dollars are a commodity, such as gold or pork bellies, and he has no idea with which item Defendant demands to be paid.

Finally, Plaintiff argues that the contract is unconscionable. A contract may be

held to be unenforceable if it is both procedurally and substantively unconscionable. *See Burch v. Second Judicial Dist. Ct. of State ex rel. County of Washoe*, 49 P.3d 647, 650 (Nev. 2002). Plaintiff argues that the amount of Federal Reserve notes "actually parted with was only 1/8th or 12% of the amount agreed to in the Loan Agreement." Plaintiff may be referring to the fact that banks essentially create money by lending it, because they are permitted to lend more money than they keep in reserve. From here, Plaintiff argues that his mortgage was substantively unconscionable because the bank only lent him 12% of what he was expected to repay. The problem with this argument is that Plaintiff received 100% of the value of the loan. This amount was transferred to the seller in exchange for title to the Property to be transferred to Plaintiff, whether the bank itself paid any percentage of this amount out of its reserves or not. The terms of the mortgage are not plausibly substantively unconscionable under the facts Plaintiff alleges, and Plaintiff does not even allege procedural unconscionability, except to allege unequal bargaining power because banks may circulate promissory notes in ways that individuals cannot. The Court dismisses this cause of action.

### C.    Fraud

Plaintiff alleges fraud again for the same reasons he alleges it under the first cause of action. For the reasons discussed above, the Court dismisses this cause of action.

### D.    Cancellation

Plaintiff alleges there was no legitimate security interest in the Property. The allegations under this cause of action are repetitive with the prior portions of the Complaint, do not raise any meritorious defenses to the validity of the mortgage, and are almost certainly copied from a form complaint, as a non-party, "Mortgageit," is referred to as if it were a defendant in this case. Plaintiff demands that Defendant produce the original promissory note, but this is not required. The deed of trust, which lists

Defendant as the lender, is sufficient evidence to show the right of Defendant to foreclose upon Plaintiff's default. In some cases, a party with an uncertain connection to the deed of trust forecloses. In such cases, foreclosure may be statutorily improper, but as noted above, the public records adduced by Defendant show that foreclosure here was proper. The Court dismisses this cause of action.

### E. Quiet Title and Constructive Trust

Plaintiff asks the Court for quiet title in his favor based on the arguments previously addressed. He also requests that the $85,000 obtained by NDSC via the trustee's sale be put into a constructive trust for his benefit because this disposition of the Property was improper. Because the mortgage and sale were proper, these causes of action are dismissed.

### F. RICO

Plaintiff alleges civil and criminal RICO violations against Defendant. He may only bring the former. Most of the claim consists of a generalized grievance against the mortgage industry. Plaintiff nowhere identifies two or more predicate acts, as required under a RICO claim. *See* 18 U.S.C. § 1961(5). The underlying acts that Plaintiff vaguely alleges include fraud and usury--claims that are not plausible in the present case. The Court dismisses this cause of action.

### G. Trespass

In Nevada, as elsewhere, a civil trespass consists of an unpermitted and unprivileged entry onto the land of another. *See Allied Props. v. Jacobsen*, 343 P.2d 1016, 1021 (Nev. 1959). Plaintiff alleges that Defendant entered onto the Property in or about January 2010, without his permission. (*See* Compl. ¶ 79). If true, this constitutes a trespass, because Plaintiff did not lose title to the Property until the trustee's sale on April 2, 2010. Under the deed of trust, Plaintiff had a contractual right of redemption up

to five days before the scheduled sale. (*See* ECF No. 10, Ex. 2, at 11 ¶ 19). Defendant argues that the allegations do not satisfy *Twombly*. But Plaintiff does not merely state a legal conclusion, such as "Defendant entered onto my land without permission." Such an allegation would indeed fail *Twombly* as a bare bones recitation of the cause of action. Plaintiff alleges facts making a trespass plausible. He alleges that Defendant broke the lock on his door and entered into his house without permission in or about January 2010, when he still had title to the Property. These facts, if true, constitute a trespass. Still, the Court need not credit Plaintiff's unreasonable inference that it was a representative of Defendant that broke into his home. *See Sprewell*, 266 F.3d at 988. Plaintiff does not allege any witnesses to the trespass or any facts indicating it was Defendant. The Court therefore dismisses this cause of action. Because there are no viable causes of action remaining, Plaintiff's Complaint is hereby dismissed.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 10) is GRANTED.

DATED this 9th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge